IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD DISHER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CITIGROUP GLOBAL MARKETS, INC., d/b/a Smith Barney,<br><br>Defendant. | CIVIL NO. 04-308-GPM |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on the Motion for Reconsideration and Vacatur of this Court's Order Entered March 2, 2007 (Doc. 62) and the Motion for Oral Argument thereon (Doc. 64) brought by Defendant Citigroup Global Markets, Inc. ("Citigroup"). For the following reasons, the motions are **DENIED**.

### BACKGROUND

Plaintiff Richard Disher brings this action on behalf of himself and a proposed class of customers of Citigroup and/or a predecessor entity, Salomon Smith Barney, Inc., alleging that Citigroup and/or its predecessor, operating as a full-service securities firm, disseminated materially misleading investment research reports and ratings concerning Internet and telecom stocks to Disher and other holders of those stocks. The action was filed originally in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, in March 2004, then removed to this Court the following May. In its notice of removal Citigroup asserted federal subject matter jurisdiction on various bases, including: diversity of citizenship, *see* 28 U.S.C. § 1332; a substantial question of

federal law, *see* 28 U.S.C. § 1331; bankruptcy, *see* 28 U.S.C. § 1334; and preclusion of the claims of Disher and the proposed class pursuant to the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. 105-353, 112 Stat. 3227 (codified at 15 U.S.C. § 77p(b)-(f) and 15 U.S.C. § 78bb(f)).[1]

In August 2004 the Court remanded the case to state court for lack of subject matter jurisdiction, whereupon Citigroup appealed from the order of remand. In August 2005 the United States Court of Appeals for the Seventh Circuit held on the basis of *Kircher v. Putnam Funds Trust*, 373 F.3d 847 (7th Cir. 2004), that 28 U.S.C. § 1447(d) did not preclude appellate review of the Court's remand order. *See Disher v. Citigroup Global Mkts. Inc.*, 419 F.3d 649, 652 (7th Cir. 2005) ("*Disher I*"). The *Disher I* court held further that, on the basis of *Kircher v. Putnam Funds Trust*, 403 F.3d 478 (7th Cir. 2005), the claims of Disher and the proposed class were precluded by SLUSA and ordered the Court to vacate the remand order and to dismiss the claims of Disher and the proposed class. *See Disher I*, 419 F.3d at 654-55. In October 2005 the Court executed the mandate of the Seventh Circuit Court of Appeals in *Disher I*, vacating the order of remand and dismissing the claims of Disher and the proposed class pursuant to SLUSA.

In June 2006 the Supreme Court of the United States granted Disher's petition for a writ of

---

1. SLUSA prohibits the maintenance under state law of class actions alleging an untrue statement or omission of a material fact or that a defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of certain securities, including any security listed or authorized to be listed on a national exchange. *See* 15 U.S.C. § 77p(b), (f)(2)(A), (f)(3); 15 U.S.C. § 78bb(f)(1), (f)(5)(B), (f)(5)(E); 15 U.S.C. § 77r(b)(1)(A). Class actions subject to SLUSA that are brought in state court may be removed to federal court under the statute. *See* 15 U.S.C. § 77p(c); 15 U.S.C. § 78bb(f)(2). *See also Potter v. Janus Inv. Fund*, No. 06 CV 929 DRH, 06 CV 997 DRH, 2007 WL 1056676, at *4 (S.D. Ill. Apr. 6, 2007); *Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1104 (S.D. Ill. 2007).

certiorari in *Disher I*. *See Disher v. Citigroup Global Mkts. Inc.*, 126 S. Ct. 2964 (2006) ("*Disher II*"). In light of *Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145 (2006), which held that appellate review of orders remanding cases removed under SLUSA is precluded by 28 U.S.C. § 1447(d), *see* 126 S. Ct. at 2157, the Supreme Court vacated *Disher I*, and remanded the case to the Seventh Circuit Court of Appeals for further proceedings consistent with the Supreme Court's decision in *Kircher*. *See Disher II*, 126 S. Ct. at 2964. Thereafter, the Seventh Circuit Court of Appeals issued its mandate stating:

> This case is before the court on remand from the Supreme Court of the United States. The Supreme Court vacated our earlier judgment, *see Disher v. Citigroup Global*, 403 F.3d 478 (7th Cir. 2005), and remanded the case to us with instructions to reconsider our earlier determination in light of *Kircher v. Putnam Funds Trust*, 547 U.S. ----, 126 S. Ct. 2145 (2006). *See Disher v. Citigroup Global Markets, Inc.*, 548 U.S. ----, 126 S. Ct. 2964 (2006).
> 
> *Kircher* came from this circuit, and we already have taken action in that matter in light of the decision of the Supreme Court. *See In the Matter of Mutual Fund Market-Timing Litigation*, 468 F.3d 439 (7th Cir. 2006). The same action is appropriate here. Accordingly, because we lack jurisdiction, we dismiss the appeal.

*Disher v. Citigroup Global Mkts. Inc.*, No. 04-3073, 2007 WL 173824, at *1 (7th Cir. Jan. 22, 2007) ("*Disher III*"). On March 2, 2007, the Court executed the mandate in *Disher III* by remanding the case to state court. Citigroup has appealed from the Court's order executing the mandate in *Disher III* and remanding this case to state court. Additionally, Citigroup has filed a motion for reconsideration of that order and has requested oral argument thereon. The motion for reconsideration has been fully briefed and is ripe for decision. The Court has reviewed carefully the submissions of the parties and concludes that oral argument on Citigroup's motion for reconsideration will not be helpful in this case. Accordingly, the Court now proceeds to rule on

the motion for reconsideration.²

## DISCUSSION

As an initial matter, the Court notes that Citigroup's motion for reconsideration is somewhat unclear as to the procedural basis for the motion. However, the Court deduces that the motion is brought pursuant to Rule 60 of the Federal Rules of Civil Procedure, consistent with the general rule in this Circuit that requests for reconsideration of a final judgment or order brought more than ten days after the date of entry of such judgment or order are deemed to be brought under Rule 60, rather than Rule 59(e) of the Federal Rules of Civil Procedure. *See Talano v. Northwestern Med. Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001); *United States v. 47 West 644 Route 38, Maple Park, Ill.*, 190 F.3d 781, 783 n.1 (7th Cir. 1999); *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992); *Seabolt v. Humphreys*, No. 05-C-1198, 2006 WL 2518502, at *1 (E.D. Wis. Aug. 28, 2006). *See also Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *6 n.6 (S.D. Ill. Apr. 18, 2007) (quoting *Armament Sys. & Procedures, Inc. v. Suncoast Merch. Corp.*, No. 02 C 5310, 2004 WL 1433588, at *3 (N.D. Ill. June 25, 2004)) (noting the presumption in favor of proceeding under the Federal Rules of Civil Procedure, rather than the inherent powers of a federal court, where a given procedural matter is expressly governed by

---

2. The Court notes in passing that Citigroup's attorneys seem to be in the habit of communicating with the Court by letter. The Court strongly discourages this practice. In general the Court expects that cases will proceed, and communications with the Court will occur, on the record and in the manner prescribed by applicable procedural rules and local rules of Court. *See* FED. R. CIV. P. 7, 10; S.D. Ill. Local R. 7.1; *Payne v. Kempthorne*, No. CV04-477-S-BLW, 2005 WL 1206676, at *11 (D. Idaho May 20, 2005); *Commander Props. Corp. v. Beech Aircraft Corp.*, CIV.A. No. 88-2202-O, 1988 WL 139498, at *1 n.2 (D. Kan. Dec. 19, 1988).

procedural rules).³

In general, of course, the filing of a notice of appeal confers jurisdiction on a court of appeals and divests a district court of control over aspects of a case involved in the appeal. *See Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)) ("The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."). Notwithstanding the pendency of an appeal, however, a district court may entertain a Rule 60 motion. *See Chicago Downs Ass'n, Inc. v. Chase*, 944 F.2d 366, 370 (7th Cir. 1991); *Simons v. Gorsuch*, 715 F.2d 1248, 1252 (7th Cir. 1983); *Gould v. Kemper Nat'l Ins. Cos.*, No. 93 C 7189, 1995 WL 573426, at *3 (N.D. Ill. Sept. 7, 1995). The district court has authority to deny such a motion but not to grant it. *See Boyko v. Anderson*, 185 F.3d 672, 675 (7th Cir. 1999); *Fejzoski v. Ashcroft*, No. 99 C 3392, 2001 WL 1231654, at *1 (N.D. Ill. Oct. 12, 2001); *J&W Fence Supply Co. v. United States*, No. IP-97-128-C-Y, 1999 WL 1332375, at *1 (S.D. Ind. Dec. 9, 1999). If the district court is willing to grant the motion, it should indicate this on the record, so that the movant may then ask the court of appeals to remand the case to the district court for the purpose of acting on the motion. *See Boyko*, 185 F.3d at 675; *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 849-50 (7th Cir. 1981);

---

3. Rule 60 applies of course only to judgments that are final and appealable rather than interlocutory. *See Koelling v. Livesay*, 239 F.R.D. 517, 519 & n.3 (S.D. Ill. 2006) (quoting FED. R. CIV. P. 60 advisory committee's note). A remand order that terminates all proceedings in federal court is final and appealable although, as noted, 28 U.S.C. § 1447(d) may preclude appellate review of such an order. *See Erb v. Alliance Capital Mgmt., L.P.*, 423 F.3d 647, 650-53 (7th Cir. 2005); *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 782 (7th Cir. 1999). *See also In re Stone Container Corp.*, 360 F.3d 1216, 1219 (10th Cir. 2004); *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003); 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 3914.11 (3d ed. 1998 & Supp. 2007) (collecting cases).

*Binks Mfg. Co. v. Ransburg Electro-Coating Corp.*, 281 F.2d 252, 260-61 (7th Cir. 1960). *See also* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2873 ("[D]uring the pendency of an appeal the district court may consider a [Rule 60] motion and if it indicates that it is inclined to grant it, application then can be made to the appellate court for a remand . . . . This procedure is sound in theory and preferable in practice.") (collecting cases).

In this instance, Citigroup's notice of appeal has divested the Court of jurisdiction to vacate its order executing the mandate of the Seventh Circuit Court of Appeals in *Disher III* and, for the reasons discussed infra, the Court is not inclined to grant Citigroup's Rule 60 motion. The motion argues, in essence, that the *Disher III* mandate did not require the Court to vacate its 2005 order dismissing the claims of Disher and the proposed class and that Disher's sole remedy for relief from the Court's 2005 dismissal order is a motion under Rule 60. The Court does not agree. Under Rule 60 a district court may grant relief from a final judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

FED. R. CIV. P. 60(b). *See also Koelling*, 239 F.R.D. at 520 (quoting *Tobel v. City of Hammond*, 94 F.3d 360, 361 (7th Cir. 1996)) (Rule 60 allows relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect; fraud, misrepresentation or other misconduct by an adverse party; or for any other reason justifying relief from judgment."). "Rule 60(b) relief is an extraordinary

remedy and is granted only in exceptional circumstances." *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)). Whether to grant the relief sought in a Rule 60(b) motion lies within the sound discretion of a district court. *See United States v. Golden Elevator, Inc.*, 27 F.3d 301, 303 (7th Cir. 1994); *Bally Export Corp. v. Balicar, Ltd.*, 804 F.2d 398, 400 (7th Cir. 1986).

The Seventh Circuit Court of Appeals has instructed that Rule 60 is "designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Thus, a district court's alleged mistakes of law are not grounds for relief under the rule unless those mistakes are so egregious as to amount to a fundamental misconception of the law. *See Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) (the district court properly denied relief under Rule 60 on the grounds that the court allegedly committed error by wrongly excluding evidence at trial, misinterpreting the evidence that was presented, and failing to understand the plaintiff's theory of the case); *McKnight v. U.S. Steel Corp.*, 726 F.2d 333, 337 (7th Cir. 1984) ("Plaintiff may not … use Rule 60(b) to correct alleged errors of law by the district court[.]"); *Swam v. United States*, 327 F.2d 431, 433-34 (7th Cir. 1964) (relief under Rule 60 was properly denied on the grounds that the district court misconceived the character of the claims alleged in the plaintiff's complaint and failed to offer the plaintiff an opportunity to be heard on a request to file an amended complaint). *Accord Virgin Islands Nat'l Bank v. Tyson*, 506 F.2d 802, 804 (3d Cir. 1974) (a mortgagor's contention that she was entitled to a hearing before an order confirming a judicial sale was issued could not be presented in a motion under Rule 60); *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962) ("The fact that a judgment is erroneous does not constitute a ground for

relief under [Rule 60]."); *Annat v. Beard*, 277 F.2d 554, 559 (5th Cir. 1960) (holding in an ejectment action that the trial court's erroneous determination of the extent of the property at issue did not warrant relief under Rule 60). *See also* 11 Wright, Miller & Kane, *Federal Practice & Procedure* § 2866 (an "error of law by the trial court" is grounds for relief under Rule 60 only if it amounts to "a fundamental misconceptions of law"); *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 929-30 (5th Cir. 1976) (a trial court's failure to follow controlling decisional law displays fundamental misconception of the law such as to warrant relief under Rule 60). In this instance, the Court's alleged mistakes of law asserted in Citigroup's Rule 60 motion clearly do not warrant relief under the rule.

More fundamentally, however, the Court does not believe that its order executing the mandate of the Seventh Circuit Court of Appeals in *Disher III* was in error. As discussed, Citigroup insists that this case could not be remanded absent a valid request by Disher under Rule 60 to vacate the Court's 2005 order dismissing the claims of Disher and the proposed class under SLUSA. As a general rule, of course, the Federal Rules of Civil Procedure are not presumed to displace the common law save to the extent they do so explicitly. Thus, federal courts must exercise their common-law powers "in a manner that is in harmony with the Federal Rules of Civil Procedure," which means that "where the rules directly mandate a specific procedure *to the exclusion of others*, inherent authority is proscribed." *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 652 (7th Cir. 1989) (emphasis in original). Correspondingly, "[t]he fact that the federal civil rules do not specifically authorize or describe a particular judicial procedure does not give rise to prohibition of that procedure by negative implication." *Landau & Cleary, Ltd. v. Hribar Trucking, Inc.*, 867 F.2d 996, 1002 (7th Cir. 1989) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 628 (1962)). It is true that

"the Federal Rules are supposed to provide all available relief from judgments." *Id*. However, while the text of Rule 60 expressly abolishes the use in the federal courts of a variety of common-law writs for attacking judgments, including writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, *see* FED. R. CIV. P. 60(b) & advisory committee's note, nothing in the text of Rule 60 suggests that it was intended to displace settled common-law rules governing the effect on a judgment of reversal by a higher court, as well as the effect of such reversal on judgments dependent on the reversed judgment.

The general common-law rule governing the effect of reversal on a judgment is that, after reversal, "[the] decree [is] no longer of any force or effect. The parties [are] in precisely the same situation as though no decree had been entered." *Kaplan v. Joseph*, 125 F.2d 602, 606 (7th Cir. 1942). *See also Keller v. Hall*, 111 F.2d 129, 131 (9th Cir. 1940) (quoting *Butler v. Eaton*, 141 U.S. 240, 244 (1891)) (a judgment, "after it was reversed, was 'without any validity, force, or effect.'"). As Justice Story explained, "[a]t common law, if a plaintiff obtain a judgment in an inferior tribunal, which is reversed in the appellate court, it is very clear, that the reversal operates no further, than to nullify the original judgment. In other respects, the parties are precisely in the same situation, as to their rights and remedies touching the matter in controversy, as if no such judgment had ever existed." *Harvey v. Richards*, 11 F. Cas. 740, 745 (C.C. Mass. 1814) (No. 6,182). Accordingly, when "the decision of the United States Circuit Court of Appeals [is] reversed by the Supreme Court . . . . the reversal of [the] decree sets aside the adjudication of such decree and same becomes no longer of any force and effect. After the reversal the situation [is] as if no decree had been entered by the Circuit Court of Appeals." *National Nut Co. of Cal. v. Kelling Nut Co.*, 61 F. Supp. 76, 80 (N.D. Ill. 1945). *See also* 36 C.J.S. *Federal Courts* § 712 (1955 &

Supp. 2007) ("The effect of a general and unqualified reversal of a judgment, order, or decree by [a reviewing court] is to nullify it completely and to leave the cause standing as if it had never been rendered[.]") (collecting cases).

As a corollary of the rule that reversal of a judgment leaves the parties in the same position as if the judgment had never been entered, any judgment that is dependent upon the reversed judgment is reversed as well. "On the reversal of a judgment, order, or decree by the [reviewing court], a dependent order, judgment, or proceeding, ancillary and accessory to it, shares its fate and falls with it." 36 C.J.S. *Federal Courts* § 713 (collecting cases). *See also United States v. Standard Accident Ins. Co.*, 106 F.2d 200, 204 (7th Cir. 1939) (on reversal of a judgment for a plaintiff on the ground that the verdict could not be reconciled with the evidence, a defendant's counterclaim, on which the jury had found against the defendant, was reinstated.). *Accord Universal Underwriters Ins. Co. v. McMahon Chevrolet-Oldsmobile, Inc.*, 866 F.2d 1060, 1063 (8th Cir. 1989) (reversal of a judgment "effectively annul[s] the … judgment *in toto*," even as to issues not specifically addressed by the reviewing court but the resolution of which are necessarily dependent on the judgment); *Leader v. Apex Hosiery Co.*, 108 F.2d 71, 81 (3d Cir. 1939) (the Supreme Court's reversal of a prior judgment of the court of appeals opened "anew all questions presented by the record of the case at bar"); *First Nat'l Bank v. Southern Cotton Oil Co.*, 86 F.2d 33, 33-34 (5th Cir. 1936) (a prior reversal of a judgment for the appellants also vacated a judgment on costs); *Future Fashions v. American Sur. Co. of N.Y.*, 58 F. Supp. 36, 38 (S.D.N.Y. 1944) (where a temporary restraining order was made effective until the issuance of an injunction pendente lite and an order issuing the injunction pendente lite was reversed on appeal, reversal also determined that the plaintiff was not entitled to the temporary restraining order); 5 C.J.S. *Appeal and Error* § 1107 ("An

order, judgment, or proceeding dependent on, or ancillary and accessory to, a judgment, order, or decree which is reversed falls with it.") (collecting cases).[4]

The Court concludes that *Disher II*, by vacating *Disher I*, necessarily invalidated all judgments dependent on *Disher I*, including the Court's 2005 order dismissing the claims of Disher and the proposed class under SLUSA. The 2005 order was entirely dependent on *Disher I*; but for the mandate in *Disher I*, the order of dismissal would not have been entered. *See Disher I*, 419 F.3d at 655 ("[W]e reverse the judgment of the district court and remand with instructions to vacate the remand order and to dismiss Mr. Disher's claims."). As a result of *Disher II*, the last order regarding the existence of federal subject matter jurisdiction entered in this case by a court with power to decide the question is the Court's 2004 order holding that the claims of Disher and the proposed class are not within the Court's subject matter jurisdiction. *See Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1078 (7th Cir. 1987) (a court always has jurisdiction to ascertain its own subject matter jurisdiction). To the extent Citigroup argues that the Court exceeded the mandate in *Disher III* by remanding this case, the Court disagrees. Given the *Disher III* mandate's express reference to the Seventh Circuit Court of Appeals' recent decision in *In re Mutual Fund Market-Timing Litigation*, in which the court ordered some eighteen cases sharing a procedural

---

4. A closely related but distinct principle is the rule that, where a judgment is obtained in a separate action on the basis of a judgment that is later reversed, the judgment in the second action is not vacated automatically but a right of restitution arises in favor of a party injured by the judgment. *See* Restatement (Second) of Judgments § 16 (1982). *See also Baltimore & Ohio R.R. Co. v. United States*, 279 U.S. 781, 786 (1929) ("The right to recover what one has lost by the enforcement of a judgment subsequently reversed is well established."); *Arkadelphia Milling Co. v. St. Louis S.W. Ry. Co.*, 249 U.S. 134, 145 (1919) ("[A] party against whom an erroneous judgment or decree has been carried into effect is entitled, in the event of a reversal, to be restored by his adversary to that which he has lost thereby. This right, so well founded in equity, has been recognized in the practice of the courts of common law from an early period.").

history substantially identical to that of this case remanded to state court, *see* 468 F.3d at 441, 444, it was quite reasonable for the Court to assume that the *Disher III* court intended for the Court to dispose of this case in the same way. *See Disher III*, 2007 WL 173824, at *1. More to the point, nothing in *Disher III* prohibited the Court from remanding this case. "While a mandate is controlling as to matters with its compass, on the remand a lower court is free as to other issues." *Quern v. Jordan*, 440 U.S. 332, 347 n.18 (1979) (quoting *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939)). Thus, upon issuance of the mandate of a court of appeals, a district court can take any reasonable action that is not inconsistent with the mandate. *See Rogers v. Hill*, 289 U.S. 582, 587-88 (1933); *Indianapolis Colts v. Mayor & City Council of Baltimore*, 775 F.2d 177, 180 (7th Cir. 1985). *See also Nguyen v. United States*, 792 F.2d 1500, 1502-03 (9th Cir. 1986); *Engle v. Teleprompter Corp.*, 732 F.2d 1238, 1240-41 (5th Cir. 1984); *Stevens v. F/V Bonnie Doon*, 731 F.2d 1433, 1435-36 (9th Cir. 1984). Upon receipt of the *Disher III* mandate, the Court reasonably concluded, consistent with the procedural posture of the case in light of the reversal of *Disher I*, that the only appropriate course was remand of the case to state court.

In addition to the common-law principles regarding reversal of a judgment discussed supra, the Court also is guided in this instance by certain other principles. First, of course, is the settled rule that, "[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868). *See also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 941 (S.D. Ill. 2006). As discussed, the effect of the reversal of *Disher I* was to leave in place as the last valid pronouncement on the existence of subject matter jurisdiction in this case the Court's 2004 order concluding that federal

subject matter jurisdiction does not exist in this case. Also pertinent is the familiar principle that the exercise of federal jurisdiction on removal is construed narrowly and doubts about the propriety of the exercise of such jurisdiction are resolved against removal and in favor of state court. As the Court held recently, "in the removal context, federal courts follow a simple default rule in deciding unusual cases, namely, that doubts about the propriety of removal are to be resolved in favor of remand." *Ford v. Keck*, No. 06-cv-667-DRH, 2007 WL 1022003, at *5 (S.D. Ill. Apr. 2, 2007). *See also Rutherford v. Merck & Co.*, 428 F. Supp. 2d 842, 852 (S.D. Ill. 2006) ("[The] major policies announced in removal jurisprudence [are] that federal courts must apply the removal statutes in a manner that carries out the intent of Congress to restrict removal, and that cases should be remanded if jurisdiction is doubtful . . . . [I]t is abundantly clear that Congress has not vested in federal district courts the power to fashion equitable removal solutions to procedural complexities.").

To the extent Citigroup seems to argue that issuance of the *Disher III* mandate should have been the occasion for the Court to reconsider its 2004 remand order, Citigroup ignores obstacles to such reconsideration peculiar to the removal context. First, 28 U.S.C. § 1447(d), though not a bar to successive removals of a case, generally precludes a district court from reconsidering its own order remanding a case on grounds enumerated in 28 U.S.C. § 1447(c), including, as here, lack of subject matter jurisdiction. *See Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456-57 (7th Cir. 2005); *Benson*, 188 F.3d at 782. *Accord In re Lowe*, 102 F.3d 731, 734-36 (4th Cir. 1996) (a district court lacks jurisdiction to reconsider its remand order); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 225 (3d Cir. 1995) (same); *Seedman v. United States District Court*, 837 F.2d 413, 414 (9th Cir. 1988) (same); *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252-53 (1st Cir. 1969) (same). Second, a certified copy of the Court's 2004 remand order was mailed to the clerk of the state court

in 2004, terminating this Court's jurisdiction on removal absent a valid order of the Seventh Circuit Court of Appeals requiring the Court to vacate the remand order. *See In re General Motors Corp. Dex-Cool Prods. Liab. Litig.*, No. Civ.MDL-03-1562-GPM, Civ.05-10007-GPM, 2006 WL 839429, at *1 (S.D. Ill. Mar. 29, 2006) (the mailing of a certified copy of a remand order to the clerk of a state court divests a federal court of jurisdiction over a removed case) (collecting cases).

Finally, although Citigroup makes much of the fact that Disher never appealed from the Court's dismissal of his claims, the Court accords no significance to this fact. *See Turner v. Kirkwood*, 62 F.2d 256, 260 (10th Cir. 1932) (where a decree awarding a plaintiff a property interest and allowing a defendant a lien thereon for the purchase price was reversed on the defendant's appeal, that part of the decree awarding the defendant a lien was necessarily reversed, though the plaintiff failed to take a cross-appeal). Such an appeal would have been frivolous, as *Disher I* was at that point in time the law of the case, *see Unity Ventures v. County of Lake*, 894 F.2d 250, 252 (7th Cir. 1990), and Disher properly pursued the only appellate remedy available to him by seeking and obtaining reversal of *Disher I* in the United States Supreme Court. This is not a case where a party who failed to pursue an appellate remedy is attempting to "free ride" on a successful appeal by another party. *See In re Mut. Fund Market-Timing Litig.*, 468 F.3d at 443. Moreover, it is axiomatic that issues concerning the subject matter jurisdiction of a federal court are not resolved through waiver, estoppel, and so forth, *see Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000); *Sadat v. Mertes*, 615 F.2d 1176, 1188 (7th Cir. 1980); *Kitson v. Bank of Edwardsville*, No. CIV. 06-528-GPM, 2006 WL 4019180, at *1 (S.D. Ill. Nov. 16, 2006), save in instances of, as is not the case here, collateral attacks on subject matter jurisdiction. *See Chicot County Drainage Dist. v.*

*Baxter State Bank*, 308 U.S. 371, 376-77 (1940); *Tittjung*, 235 F.3d at 335; *In re Factor VIII or IX Concentrate Blood Prods. Litig.*, 159 F.3d 1016, 1019 (7th Cir. 1998); *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992).

The unusual procedural history of this case has effectively maneuvered the Court into a position where it cannot exercise jurisdiction over the claims of Disher and the proposed class. Also, it is worth noting here that relief under Rule 60 is "essentially equitable in nature and is to be administered upon equitable principles." *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1208 (7th Cir. 1984) (citing *De Vito v. Fidelity & Deposit Co. of Md.*, 361 F.2d 936, 939 (7th Cir. 1966)). *See also McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quoting *Tolliver v. Northrop Corp.*, 786 F.2d 316, 319 (7th Cir. 1986)) (calling a district court's decision as to whether to grant relief under Rule 60 "discretion piled on discretion"). In this instance the equities do not weigh particularly heavily in Citigroup's favor. The Court agrees with Citigroup that the claims of Disher and the proposed class are precluded under SLUSA. This is clear, of course, in light of *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 126 S. Ct. 1503 (2006), which overruled this Court's basis for concluding in 2004 that the claims in this case are not SLUSA-precluded by holding that the statute applies to state-law class actions alleging misrepresentations or omissions in connection with purchases or sales of covered securities brought on behalf of holders of such securities. *See id*. at 1515.[5] *See also Potter*, 2007 WL 1056676, at *9

---

5. It should be pointed out that, although *Dabit* has shown the Court's basis for remanding this case in 2004 to be incorrect, *Dabit* does not, by the same token, permit the Court to exercise jurisdiction over the claims of Disher and the proposed class on removal. As the Court held recently, a document generated in a case separate from a case as to which removal is sought generally is not an "order or other paper" authorizing removal within the meaning of 28 U.S.C. § 1446(b). *See Dudley*, 472 F. Supp. 2d at 1110 (quoting 14C Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, *Federal Practice & Procedure* § 3732) ("[T]he publication

(citing *Dabit*) (SLUSA broadly precludes class actions alleging tort claims that coincide with alleged securities fraud unless those claims are brought as derivative actions). As recent Supreme Court authority also makes clear, however, there is no reason that Citigroup cannot press its defense of SLUSA preclusion in state court. *See Kircher*, 126 S. Ct. at 2156-57 (holding that federal courts and state courts have concurrent jurisdiction to decide issues concerning SLUSA preclusion). *See also Potter*, 2007 WL 1056676, at **13-14; *Dudley*, 472 F. Supp. 2d at 1112-13. In fact, Citigroup likely could have procured dismissal of this case in state court in the time it has spent litigating the matter of the propriety of the Court's order executing the mandate in *Disher III*.

To conclude, the last pronouncement on the existence of subject matter jurisdiction in this case by a court with authority to pronounce on the issue is the Court's 2004 order remanding this case to state court for lack of subject matter jurisdiction. That order is incorrect, in light of *Dabit*, but under 28 U.S.C. § 1447(d) the Court cannot revisit the ruling.[6] Citigroup must pursue its defense of SLUSA preclusion in state court. The Court finds no error in its order executing the mandate of the Seventh Circuit Court of Appeals in *Disher III*. Accordingly, the Court in its discretion denies Citigroup's motion for relief from the Court's order executing the mandate in *Disher III* under Rule 60.

---

of opinions by other courts … dealing with subjects that potentially could affect a state court suit's removability or documents not generated as a result of the state litigation are not recognized as 'other paper' sources for purposes of starting a new thirty-day period [to remove] under Section 1446(b).") (collecting cases).

6. The Court notes that Citigroup's appeal from the order executing the mandate in *Disher III* seems to be in substance an appeal from the Court's 2004 order remanding this case to state court for lack of subject matter jurisdiction and thus is foreclosed, presumably, by 28 U.S.C. § 1447(d). However, this is a matter for the Seventh Circuit Court of Appeals to decide.

## CONCLUSION

Citigroup's Motion for Reconsideration and Vacatur of this Court's Order Entered March 2, 2007 (Doc. 62) and Motion for Oral Argument (Doc. 64) are **DENIED**.

**IT IS SO ORDERED.**

DATED: 4/24/07

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge